IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM STILLMAN**                                                                                 **PLAINTIFF**
**ADC #167472**

v.                      No: 3:23-cv-00015-JM-PSH

**ARIC SIMMONS,** *et al.*                                                        **DEFENDANTS**

## ORDER

On August 11, 2023, Defendant Rory Griffin filed a Motion for Summary Judgment together with a Brief in Support and a Statement of Undisputed Material Facts (Doc. Nos. 29-31). On August 13, 2023, Defendants Aric Simmons and Waketta Aldridge filed a Motion for Summary Judgment together with a Brief in Support and a Statement of Facts (Doc. Nos. 32-34). Defendants seek to dismiss Plaintiff William Stillman's claims against them based on his alleged failure to exhaust available administrative remedies. Stillman now has an opportunity to file a response opposing the motion. To be considered, the response must be filed within twenty-eight days of this order's entry date.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). Accordingly, Stillman's response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or

trial. Such evidence may include declarations or notarized affidavits that he or others have signed. Affidavits and declarations are sworn statements that are made under penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be considered in deciding the motion for summary judgment. And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Stillman files a response, he must also file a <u>separate</u>, short statement which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in the defendant's statement of undisputed facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial. *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Stillman disputes any of the facts set forth in the Defendants' statements of fact, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Finally, Stillman is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Stillman' factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant

of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Stillman may file a response to the defendants' motions for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order within twenty-eight days. While Stillman is not required to file a response to either motion for summary judgment, if he does not respond, the facts set forth in the defendants' statements of facts may be deemed admitted by Stillman, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 15th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE