# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**WILLIAM STILLMAN**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #167472**

v.　　　　　　　　　No: 3:23-cv-00015-JM-PSH

**ARIC SIMMONS,** *et al.*　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff William Stillman, an Arkansas Division of Correction inmate, filed this *pro se* civil rights complaint raising Eighth Amendment deliberate indifference claims against defendants Deputy Assistant Medical Director Rory Griffin (the "ADC Defendant") and nurse practitioners Aric Simmons and Waketta Aldridge (the

"Medical Defendants") (Doc. No. 2). Specifically, he alleges that Simmons and Aldridge failed to adequately treat his complaints of constipation and abdominal pain while Griffin failed to take corrective action to ensure he received appropriate medical treatment. The Court granted Stillman's application for leave to proceed *in forma pauperis* and directed that defendants be served. *See* Doc. Nos. 3 & 6.

Before the Court are motions for summary judgment, briefs in support, and statements of undisputed facts filed by Griffin (Doc. Nos. 29-31) and the Medical Defendants (Doc. Nos. 32-34). These defendants seek judgment as a matter of law on grounds that Stillman did not exhaust his administrative remedies as to all of his claims against them before he filed this action. Stillman filed a brief and memorandum of law, a statement of facts, and an affidavit response to the defendants' motions (Doc. Nos. 46-48). The motions are now ripe for decision, and for the reasons described herein, the undersigned recommends that the pending motions for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to

the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

ADC Defendant Griffin and Medical Defendants Simmons and Aldridge argue that Stillman's claims against them should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit.  In support of his motion, Griffin submitted a declaration by Brandy Johnson, the ADC's Medical Grievance Coordinator (Doc. No. 29-1); a copy of the ADC's grievance procedure, Administrative Directive 19-34 (Doc. No. 29-2); a list of medical grievances filed by Stillman (Doc. No. 29-3); copy of grievance GR-22-00483 (Doc. No. 29-4); and a copy of grievance GR-22-01426 (Doc. No. 29-5).  The Medical Defendants also submitted a copy of a declaration by Johnson, a copy of the ADC's grievance procedure, Administrative Directive 19-34, a list of medical grievances filed by Stillman, and copies of grievances GR-22-00483 and GR-22-01426 (Doc. No. 34-1).  Stillman did not submit any additional grievances with his responsive pleadings.  *See* Doc. Nos. 46-48.

*A.*     ***Exhaustion of Administrative Remedies***

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012).  "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 29-2 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 1-2, 7. Inmates are to "specifically name each individual involved" so that the ADC may complete a proper investigation and response. *Id*. at 5. The policy provides that only one grievance form

> can be submitted per grievance and only one problem/issue should be stated in the grievance, not multiple problems/issues. An inmate must use a separate form for each issue. Only one issue will be addressed. Additional problems/issues contained in the grievance will not be considered as exhausted.

*Id*. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 7.

A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id*. at 10. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs within five working days. *Id.* at 12-13. Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

**B.     *Stillman's Complaint Allegations***

Stillman alleges that he became constipated towards the end of January 2021 and eventually began experience extreme pain along with the constipation. Doc. No.

2 at 7-10. He alleges that he was treated by both Simmons and Aldridge, but they ignored his complaints and failed to provide adequate treatment. *Id.* Stillman further claims that he submitted a grievance regarding their actions, and appealed the response to Griffin. He claims that Griffin did not take corrective action to ensure Stillman received proper medical treatment. *Id.* at 10. Stillman claims he eventually received X-rays showing an intestinal blockage and was taken to White River Medical Center where he was diagnosed with stage IV colon cancer. *Id.* at 11. Stillman attached a copy of grievance GR-22-01426 to his complaint. *Id.* at 15-20.

C.  *Stillman's Grievances*

According to medical grievance coordinator Johnson's declaration, Stillman submitted two medical grievances between January 2021 (the first date he complains of in his complaint) and January 20, 2023 (the date he filed this lawsuit). Doc. No. 29-1 at 6-7. Those grievances are: GR-22-00483 and GR-22-01426. *Id. See also* Doc. No. 29-3 (list of grievances submitted by Stillman). Each of these grievances is described below.

**GR-22-00483.** Stillman initiated GR-22-00483 on May 12, 2022. Doc. No. 29-4. He complained that on April 19, 2022, medical staff gave him too much chemotherapy, causing him to suffer nerve damage. *Id.* at 1. He named Griffin among others. *Id.* The grievance and the appeal were both rejected as untimely. *Id.* at 2-3.

**GR-22-01426.**  Stillman initiated GR-22-01426 on December 13, 2022.  Doc. No. 29-5 at 1.  He grieved:

> In April of 2021, I was forced to go to the infirmary because I could not have a bowel movement.  I was first seen by A. Simmons, who gave me a stool softener.  After a week, I still could not have a Bowel movement.  I went back to the infirmary and was seen by W. Aldridge, who gave me other medications which proved useless.  X-rays were taken which showed a blockage of my colon.  I was taken to a hospital in Newport, AR and given a cat-scan.  I repeatedly asked Simmons and Aldridge what the results were, but they refused to tell me.  By this time, I grew very ill (severe abdominal pain, vomiting, extreme weight loss).  I then went to White River Med. Center where I was diagnosed with (Stage-4) Colon Cancer.  Both Simmons and Aldridge were deliberate indifferent to my terminal illness and did not give any treatment.

*Id.*[1]  Stillman proceeded to Step Two on December 18, 2022, and the grievance was rejected as untimely on December 19, 2022.  *Id.* at 2.  Stillman appealed, but his appeal was not dated or signed.  *Id.*  It was rejected as untimely and for his failure to attach Attachment II, his original grievance.  *Id.* at 3.  The rejection form states that Stillman's appeal was received on January 5, 2023.  *Id.*

D.   ***Exhaustion as to Medical Defendants Simmons & Aldridge***

Stillman sues Simmons and Aldridge for failing to provide appropriate medical treatment for his constipation and abdominal pain beginning in January 2021.  Doc. No. 2 at 7-9.  Simmons and Aldridge argue that Stillman did not exhaust

---

[1] Grievances are transcribed verbatim without any corrections for misspellings or mistakes.

administrative remedies with respect to this claim because he did not timely grieve his complaints against them (or timely appeal the response he received and follow the correct grievance procedure). Doc. No. 33 at 7-8. Stillman argues that he grieved their actions once he was able to do so. Doc. No. 47 at 2-3. He claims that shortly after the incidents giving rise to the lawsuit, he became "deathly ill" and was hospitalized for 19 days. *Id.* at 2. Stillman claims he remained "heavily drugged" in the unit's infirmary for several weeks after he left the hospital. *Id.* He states that he submitted his grievance "once he was physically able to do so" on December 13, 2022. *Id.* at 3; Doc. No. 48 at 2.

The Supreme Court in *Booth v. Churner* held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." 532 U.S. 731, 738–39 (2001). The Eighth Circuit has found administrative remedies to be unavailable where prison officials prevented inmates from utilizing the grievance procedures or where officials failed to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). The United States Supreme Court held that an administrative remedy is unavailable when "it operates as a simple dead end," or when it "might be so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016). The Eighth Circuit Court has held that the Court should first analyze whether an

administrative remedy is available before addressing other possible deficiencies in the grievances filed. *See Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023).

Stillman asserts the grievance procedure was unavailable to him for an unspecific period of time while he was very ill or drugged and that he grieved Simmons and Aldridge's actions once he was able to do so – in December 2022. The record in this case belies his assertion that he could not grieve his complaints against Simmons and Aldridge until then. Stillman's complaint allegations and the grievance he ultimately filed indicate that he was hospitalized and diagnosed with stage IV cancer in 2021. He filed a medical grievance on May 12, 2022, complaining about the amount of chemotherapy he received. Doc. No. 29-4. Accordingly, by May 2022, Stillman was being treated for cancer and was able to file grievances. Yet, he did not grieve Simmons or Aldridge's treatment of his constipation and medical issues that occurred the previous year for another seven months. He provides no proof to support his allegation that he could not use the grievance procedure due to his health during this time period. A plaintiff's unsupported statement is insufficient to defeat a properly supported motion for summary judgment. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by

showing a genuine issue as to a material fact.")). There is also no indication he requested help from the prison in filing a grievance but was denied, or that he was prevented from getting help if he needed it.

Additionally, even if the Court accepts Stillman's assertion that he could not grieve Simmons and Aldridge until December 13, 2022, he still failed to correctly follow all steps of the grievance procedure when he finally grieved their actions. The ADC's grievance procedure requires that an appeal be submitted within five working days. Stillman did not sign or date his appeal. The rejection form indicates it was received on January 5, 2023, more than ten working days after the response was issued on December 19, 2023.[2] The appeal was therefore appropriately rejected as untimely.[3] Proper exhaustion "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Stillman's claims against Simmons and Aldridge should be dismissed without prejudice due to Stillman's failure to exhaust available administrative remedies.

---

[2] The ADC's grievance procedure does not appear to define working days. However, working days generally do not include Saturdays, Sundays, or legal holidays such as Christmas Day or New Year's Day.

[3] The Court need not address the other reason the grievance was rejected – for failure to attach the Attachment II, the original grievance form. Stillmain maintains he never received his original form back so that he could attach it. Doc. No. 47 at 6.

### E.  *Exhaustion as to ADC Defendant Griffin*

Stillman sues Griffin for failing to take corrective action with respect to the medical treatment he received for his complaints of constipation and abdominal pain. Doc. No. 2 at 10.  Griffin argues that Stillman did not exhaust administrative remedies with respect to this claim because he did not grieve Griffin's alleged failure to take corrective action.[4]  Doc. No. 30 at 10-11.  To exhaust a corrective inaction claim, a plaintiff must specifically raise that claim in an exhausted grievance. *See Waller v. Kelley*, 956 F. Supp. 2d 1007, 1013–14 (E.D. Ark. 2013) ("Plaintiff fully exhausted several grievances raising his *inadequate medical care claim* against *some* of the named medical Defendants. . . . However, *none* of his grievances mention the *corrective action claim* that he is asserting against Defendant Kelley. Thus, his grievances did *not* put ADC officials on notice that he thought Defendant Kelley was failing to properly review or respond to his medical grievance appeals or was otherwise failing to take appropriate corrective action regarding the medical care he was receiving from the other Defendants.") (emphasis in original).  Because Stillman did not describe his corrective inaction claim against Griffin in any grievance, he

---

[4] Although Stillman named Griffin in GR-22-00483, he did not describe his complaint allegations that Griffin failed to take corrective action in response to his complaints about Simmons and Aldridge.  Accordingly, even if the grievance or its appeal had been timely, it could not serve to exhaust Stillman's claims against any of the defendants in this case.

has not exhausted that claim and it should be dismissed without prejudice for failure to exhaust.

## IV. Conclusion

For the reasons stated herein, the Court recommends that the defendants' motions for summary judgment (Doc. Nos. 29 & 32) be granted, and Stillman's claims against Rory Griffin, Aric Simmons, and Waketta Aldridge be dismissed without prejudice due to Stillman's failure to exhaust available administrative remedies.

SO RECOMMENDED this 19th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE